JOHNSON, Justice,
would deny the writ application.
It Originally, I was of the opinion that this case should be remanded to the court of appeal for a review of the merits, mainly because the district court may have contributed to the procedural confusion with the expansive language in the Order for Suspensive Appeal.
The Order for Suspensive Appeal signed by Judge Gerald Federoff (pro tempore) on November 12, 2003, stated:
IT IS ORDERED that a suspensive appeal is hereby granted to Lexington Insurance Company from all post-trial, post-verdict judgments, including the judgments entered on September 5, 2003, October 9, 2003, October 13, 2003 and any judgment that may be entered following the determination of Lexington’s pending Motion for New Trial, upon the posting of security in the form of the Supplemental Suspensive Appeal Bond, attached to Lexington’s motion, in the full amount of $13,789,545.21 as the security required to be furnished pursuant to provision of Code of Civil Procedure Article 2124.
Two years ago, I joined the majority in remanding this matter for consideration of the merits because our law favors appeals, and because of the unique procedural facts in this case.
LThe long procedural delays apparently have impacted the parties to this litigation, who now suggest, in their pleadings in this Court, that we should act on the writ application (or stay action on the writ application) in order to facilitate (or delay) consumation of a settlement agreement pending in the U.S. Bankruptcy Court for the Eastern District of Louisiana. Since it is not our role to facilitate (or delay) the settlement of litigation, I would deny this present writ application.